UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.M. BUSTO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>　　　　　　　　　　　Defendant. | Case No.:  21-cv-277-GPC(MDD)<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, [Dkt. No. 2];**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT; AND**<br><br>**(3) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL** |

　　　　On February 16, 2021, Plaintiff C.M. Busto, proceeding *pro se*, filed a complaint against the City of San Diego.  (Dkt. No. 1, Compl.)  Based on the reasoning below, the Court DENIES Plaintiff's motion to proceed in forma pauperis, *sua sponte* DISMISSES the action for failure to state a claim and DENIES Plaintiff's request for appointment of counsel.

**A.	Motion to Proceed In Forma Pauperis**

　　　　All parties instituting any civil action, suit, or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $350.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

In order to proceed IFP, a Plaintiff is required to submit an affidavit that details a statement of all assets as well as exhibits to demonstrate the Plaintiff's inability to pay the necessary filing fee. 28 U.S.C. § 1915(a)(1); *see also* S.D. Local Civ. R. 3.2. Approval to proceed IFP is proper where the affidavit is "sufficient" in that it "alleges the [Plaintiff] cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While the Plaintiff must show his financial situation prevents payment, he is not obliged to demonstrate complete financial insolvency. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). In evaluating an affidavit under this motion, courts are to consider whether the Plaintiff's financial circumstances have been conveyed "with some particularity, definiteness, and certainty." *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)); *see* 28 U.S.C. § 1915(a)(1) (to proceed IFP, a plaintiff must submit an affidavit that contains a complete statement of her assets and demonstrates her inability to pay the fee). The court possesses the authority to deny a Plaintiff's motion to proceed IFP in the event the Plaintiff is "unable or unwilling to verify their poverty." *McQuade,* 647 F.2d at 940. A trial court has discretion to approve or deny leave to proceed IFP. *Skelly v. Dep't of Educ.*, No. 19-CV-1812-GPC, 2019 WL 6840398, at *2

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

(S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

Plaintiff has filed an affidavit supporting his IFP application but without providing any factual support concerning his income, assets and debts. (*See* Dkt. No. 2.) Plaintiff has failed to demonstrate his financial circumstances "with some particularity, definiteness, and certainty" leaving this Court with no factual basis to rely on in its evaluation of Plaintiff's motion. *See Escobedo*, 787 F.3d at 1234. Because Plaintiff has failed to demonstrate he is unable to afford the filing fee, the Court DENIES Plaintiff's motion for leave to proceed IFP.

**B.     Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332. The complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983). Alternatively, a

federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $ 75,000.  28 U.S.C. § 1332.  "The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Here, the Complaint provides no basis for the Court's subject matter jurisdiction as he does not allege a cause of action based on federal law or that there is diversity jurisdiction.

Next, under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Plaintiff fails to allege factual allegations in the complaint that may entitle him to relief.  In his complaint, Plaintiff does not fill out the sections provided to state his claim, nor the relief he requests.  (Dkt. No. 1 at 2–3.)  Plaintiff merely attaches emails to his complaint, contending, *inter alia*, (1) all humans have the identity of being the president of the United States, (2) every American has co-ownership of every major corporation, and (3) every American is the rightful owner of the apartment or house in which they live. (*Id.* at 11.)  Accordingly, Plaintiff alleges without specificity (1) "Our entire society is fraudulent," and (2) "Our entire society bases what it does on American English which is a system that comprises itself of all of its words, two for which are the words of existence known as lying and deception." (*Id.* at 19.)  Plaintiff has failed to

raise both a right of relief and sufficient factual matter state a claim that is plausible on its face. *See Twombly*, 550 U.S. at 545–547. Further, the Court is unable to draw an inference that the City of San Diego is liable for any misconduct. *Id.* Accordingly, the Court *sua sponte* DISMISSES Plaintiff's complaint for failure to state a claim.

**C.     Request for Appointment of Counsel**

Plaintiff filed a form motion for appointment of counsel. (Dkt. No. 1 at 5–10.) However, he did not fill out the form motion to explain why he seeks appointment of counsel. (*Id.*) Based on Plaintiff's failure to provide any reasons for appointment of counsel, the Court DENIES his request.[2]

### Conclusion

Based on the above, the Court DENIES Plaintiff's motion to proceed in forma pauperis, *sua sponte* DISMISSES the complaint for failure to state a claim with leave to amend and DENIES Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED.**

Dated: March 16, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] The Court notes that Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).